LEVENSON LAW
*Scott Levenson Esq.*
15 North Mill Street
Nyack, NY 10960
(347) 352-2470
Levensonlawgroup@gmail.com

*Proposed Counsel to Twin Avenue LLC*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

TWIN AVENUE LLC,

              Debtor.

-------------------------------------------------------x

Chapter 11 Case

No.

19-23949(rdd)

DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK      )
                                 ) ss.:
COUNTY OF ROCKLAND    )

      I, Saul Strulovic, declare under penalty of perjury as follows:

      **1.** I am the managing member of Twin Avenue, LLC (the **"Debtor"),** which owns a property located at 26 Rover Road, Stony Point, NY 10980, that is vacant 1 Family Residence herein after referred to as the **"Property".**

      2. I submit this application in accordance with Local Bankruptcy Rule 1007-2, on behalf of the Debtor in connection with its Chapter 11 bankruptcy Petition (the **"Petition").** Copies of the limited liability company resolution of the Debtor has been filed.

      3. The Debtor has not previously filed a Chapter 11 petition.

      4. I have reviewed the Petition, schedules and all documents filed in connection with the Petition and I am familiar with the facts alleged and any relief requested therein.

5. All facts set forth in this declaration are based upon:(i) my personal knowledge; (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this declaration is on an estimated and unaudited basis, unless otherwise indicated.

BACKGROUND OF THE DEBTOR AND ITS BUSINESS

a. **Debtor's business and circumstances leading to the Debtor's filing. LR 1007-2(a)(l)**

6. The Debtor was formed as a New York limited liability company on June 13, 2001 for the purpose of owning real estate property.

7. On February 11, 2003, the Debtor purchased the Deed to the real estate property located at 26 River Road, Stony Point, NY 10980.

8. On June 26, 2008 Sterling National Bank extended Debtor a line of credit in the amount of $200,000.00

9. As of February 15, 2019, Sterling National Bank had obtained a Final Judgment of Foreclosure and Sale against the debtor and the Property in the Supreme Court, Rockland County, New York in the case of Sterling Nation Bank v. Twin Avenue, etal., Index No.:34986/2015.

10. A foreclosure sale was previously scheduled by Sterling National Bank on November 6th, 2019.

11. Debtor will make adequate assurance payments until such time as Debtor sells or refinances the Property. The Debtor's principal will make such funds available to Debtor for such purpose since Debtor is not currently generating income.

12. Debtor has not received interest from potential buyers of the property. Debtor may pursue a refinance of the Property in order to pay out the secured lender.

OBJECTIVES OF THE CHAPTER 11 CASE

13. The Debtor has filed this bankruptcy proceeding to protect itself from a foreclosure sale which would be scheduled pursuant to the Final Judgment of Foreclosure and Sale entered in the Supreme Court, Rockland County. Debtor will either sell the Property or refinance and continue operations.

b. **LR 1007-2 (a)(2)**

14. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

c. **Committees Organized Prior to Filing. LR 1007-2(a)(3)**

15. No formal or informal committees of creditors or other interest holders were organized prior to the order for relief in this Chapter 11 case.

d. Holders of 20 **Largest Unsecured Claims. LR 1007-(2)(a)(4)**

16. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 USC Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as **Exhibit "A"**.

e. **Holders of the five largest Secured Claims. LR 1007-(2)(a)(5).**

17. A list of the names and addresses of the five largest secured creditors is annexed hereto as Exhibit "B".

h. **Schedule of Assets and Liabilities. LR 1007-(2)(a)(6).**

18. As required by Local Bankruptcy Rule 1007-2(a)(6), unaudited schedules of the Debtor's assets and liabilities are annexed hereto as **Exhibit "C".**

**i.** *Publicly-Held Securities. LR 1007-(2)(a)(7).*

- No shares of stock, debentures, or other securities of the Debtor are publicly held.

**j.** Property in Possession or Custody of Custodian. LR 1007-(2)(a)(8).

- None of Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

**k.** Debtor's Premises. LR 1007-(2)(a)(9).

- The Debtor operates its business from 14 Ronald Drive, Monsey, NY 10952.

**l.** Location of Debtors' Assets and Books and Records. LR 1007-(2) (a)(lO).

The Debtor's substantial assets are located at: 26 River Road, Monsey, NY 10952

**m. Threatened or Pending Actions against Debtor. LR l 007-(2)(a)(1 l).**

- There is one pending action against the Property as follows: *Sterling National Bank v. Saul Strulovic et al.,* Index No.: 34986/2015 pending in Supreme Court, Rockland County.

**n. Debtor's Senior Management. LR 1007-(2)(a)(l2).**

- The Debtor's senior management is comprised of Saul Strulovic, the managing member of the Debtor.

**o.** Additional Information if Business is to Continue. LR 1007-(2)(b)(l) and (2).

- The Debtor's estimated amount of payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the filing of the chapter 11 petition is currently $0. When Debtor was operational, it was supposed to receive rental income from the Property and utilize independent contractors for repairs and did not have an ongoing payroll.

p. **Estimated Schedule of cash receipts and disbursements for 30 days. LR 1007-(2) (b) (3).**

- The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is annexed hereto as Exhibit "D"

q. **Conclusion**

- The Debtor submits that it has the requisite components to either liquidate its assets or refinance and formulate a confirmable and feasible plan of reorganization whereby the business operations will continue.

- The Debtor believes it is in the best interests of all of its creditors that it be afforded an opportunity to either liquidate or reorganize its obligations under the protection of Bankruptcy, Chapter 11, and requires a few months breathing room to execute its plans.

- Pursuant to 28 USC Section 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Rockland County, NY
      November 18, 2019

TWIN AVENUE LLC.

/S/ Saul Strulovic
Saul Strulovic, Managing Member

# EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

See attached schedule.

EXHIBIT C

ASSETS AND LIABILITIES

ASSETS

| | |
|---|---|
| 26 River Road<br>Stony Point, NY 10980 | $150,000.00 |

LIABILITIES

| | |
|---|---|
| Sterling Nation Bank<br>400 Rella Blvd.<br>Montebello, NY 10901 | $351,724.52 |

# EXHIBIT D

## SCHEDULE OF ANTICIPATED CASH RECEIPTS AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF THE CHAPTER 11 PETITION

Cash Receipts: $200[1]

Disbursements:
Adequate Assurance Payments: $200

_____

[1] Debtor's principal intends to make funds available to the Debtor in order to cover operating costs until the Property is sold.

EXHIBIT E
Proposed Case Conference Order
(See Attached)